UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSE VALENTIN MORA,<br>Defendant. | Case Nos. 3:18-cr-00055-MMD-WGC-1<br>3:18-cr-00057-MMD-WGC-1<br><br>ORDER |

Defendant Jose Valentin Mora is concurrently serving a 168-month sentence for conspiracy to distribute methamphetamine (Case No. 3:18-cr-00057 ("Case No. 57")) and a 60-month sentence for possession of a firearm by a prohibited person (Case No. 3:18-cr-00055 ("Case No. 55")). (Case No. 57, ECF No. 713; Case No. 55, ECF No. 121.) He is also sentenced to concurrent five years of supervised release in Case No. 57 and three years of supervised release in Case No. 55. (*Id.*) Before the Court are Defendant's motions[1] for sentence reduction under 18 U.S.C. § 3582(c)(2). (Case No. 57, ECF No. 1024; Case No. 55, ECF No. 134 (jointly, "Motion").) Mora seeks a retroactive sentencing reduction under Part A of the United States Sentencing Commission Guideline Amendment 821 ("Amendment 821"), which reduces two status points for offenders with certain history points.[2] (*Id.* at 1-2.) The Federal Public Defender for the District of Nevada ("FPD") filed a Notice of Non-Eligibility ("Notice") under the Court's Second Amended

[1]Defendant submits the same motion in Case No. 57 and Case No. 55. The Court thus issues this combined Order. The government filed a response in Case No. 57. (ECF No. 1026.) The Court will cite to the motion filed in Case No. 57.

[2]The Motion does not seek a reduction under Part B of Amendment 821. Part B creates new Chapter Four guidelines at § 4C1.1, decreasing by two the offense levels for a defendant who did not receive any criminal history points. As the FPD points out, Mora fails to qualify for a reduction under Part B because he had criminal history points. Case No. 57, ECF No. 1027 at 2; Case No. 55, ECF No. 138.)

General Order 2023-09 ("GO 2023-09").[3] (Case No. 57, ECF No. 1027; Case No. 55, ECF No. 138 at 2.) The Notice in each case indicates that Defendant is not eligible for a sentencing reduction. (*Id.*) After a review of the records, including the Presentence Investigation Report, the Court finds that Defendant is not eligible for a sentencing reduction and denies the Motion in each case.

At sentencing, Defendant received two "status" criminal history points resulting in eight criminal history points and a criminal history category IV. (Case No. 57, ECF No. 954; Case No. 55, ECF No 131.) Under Part A of Amendment 821, Defendant would receive no "status" points, resulting in six criminal history points and a criminal history category III. With a base offense level of 37 and a criminal history category III, the guideline range would have been 262-327 months. However, the sentence that the Court imposed—60 months in Case No. 55 and 158 months in Case No. 57—is lower than the low end of this guideline range. Accordingly, Defendant is not eligible for a sentencing reduction.

For the foregoing reasons, the Court denies Defendant's motion for sentence reduction (Case No. 57, ECF No. 1024; Case No. 55, ECF No. 134).

DATED THIS 25th Day of June 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

[3]GO 2023-09 presumptively appoints the FPD to represent any defendant who qualifies for appointment of counsel to determine whether that defendant qualifies for retroactive relief under Amendment 821. The General Order establishes a process for the FPD to review a *pro se* motion for sentencing reduction, including informing the Court and the defendant whether the defendant is eligible for a sentencing reduction.